**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Morey Parrish, Jr., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> Michael J. Astrue, Commissioner of the ) <br> Social Security Administration, ) <br> ) <br> Defendant. ) <br> ) | No. CV-03-2107-PCT-LOA <br><br> **ORDER** |

This matter arises on Plaintiff's Motion for an Award of Attorney Fees under 42 U.S.C. § 406(b). (docket # 42) Defendant[1] filed a Response indicating, *inter alia*, that because "[t]he Commissioner's role is limited to paying the amount the Court finds is owed by Plaintiff to Plaintiff's attorney," "the Commissioner takes no position as to whether the fee sought by plaintiff's attorney is reasonable." (docket # 43 at 1 - 2)

**BACKGROUND**

On August 19, 1985, Plaintiff filed an application for Title II benefits under the Social Security Act (the "Act"), 42 U.S.C. § 401-433. (docket # 30 at 1) On January 30, 1987,

---

[1] The Court has *sua sponte* amended the caption to substitute Michael J. Astrue, Commissioner of the Social Security Administration, as the Defendant in this case. On February 12, 2007, Michael J. Astrue became Commissioner of the Social Security Administration. Pursuant to Fed. R. Civ. P. 25(d)(1) and the last sentence of 42 U.S.C. § 405(g), Michael J. Astrue is automatically substituted as the Defendant in this case.

an administrative law judge ("ALJ") issued a decision, finding Plaintiff disabled as of the alleged onset date and awarding disability benefits. (*Id.*) Thereafter, on July 25, 1991, the Social Security Administration informed Plaintiff that he was considered no longer disabled as of July 1, 1997 due to medical improvement in his condition. (*Id.* at 2) Plaintiff requested a hearing before an ALJ. (*Id.*) Following a March 26, 1998 hearing, on February 19, 1999, a different ALJ issued a decision finding that Plaintiff's medical condition had improved significantly and that improvement related to his ability to work. (*Id.*) Plaintiff appealed that decision. On December 19, 2000, the Appeals Council granted review of the ALJ's decision and remanded to the ALJ for additional findings and a new decision. (*Id.*) The order of remand directed an ALJ to further develop the record regarding Plaintiff's mental and physical impairments. On December 28, 2001, an ALJ issued a decision finding that Plaintiff suffers from severe impairments of degenerative disc disease with chronic pain and a depressive disorder. (*Id.*) The ALJ concluded, however, that Plaintiff has the residual functional capacity to perform light work. (*Id.*) The ALJ concluded that Plaintiff's disability ceased as of May 4, 1998, the date of a consultive examination performed by Robert Barker, II, M.D. (*Id.*) The Appeals Council denied Plaintiff's request for review on September 11, 2003, making the ALJ's decision the final decision of the Commissioner. (*Id.*) Plaintiff then filed a Complaint in this Court on October 29, 2003, seeking judicial review of the Commissioner's decision with the assistance of attorney Alan M. Schiffman. (docket # 1)

The parties have previously consented to magistrate-judge jurisdiction pursuant to Title 28 U.S.C. 636(c)(1) for all purposes, including trial and final entry of judgment. (docket # 3 and # 6)

On October 6, 1997, Mr. Schiffman was retained by Plaintiff who agreed to pay a contingency fee of 25% of all past-due benefits payable to him and his auxiliaries if he was reinstated to benefits and received ongoing benefits. (docket # 30) The fee agreement had separate provisions if only a closed period of additional disability was awarded or if an

1 unfavorable decision was rendered. A copy of the fee agreement was provided for the Court's
2 review. (*Id.*; Exhibit ("Exh") 1)[2]

3 This Court granted summary judgment in favor of Plaintiff and denied
4 Defendant's motion for summary judgment on November 12, 2004. (*Id.*) The Court then
5 remanded the case to the Commissioner for a determination of benefits. (*Id.*) Later, Plaintiff
6 was informed that the sum of $37,254.30 was withheld from retroactive benefits as a possible
7 attorney's fee. (docket # 42 at 2) This represented 25% of the past-due benefits of $149,017.00
8 payable pursuant to the Court's judgment. Petitioner was thereafter authorized to charge an
9 attorney's fee of $21,500.00 for time spent on Plaintiff's behalf before the Social Security
10 Administration. (*Id.*, Exh. 5) Therefore, $15,754.30 remains available as a possible 406(b)
11 attorney's fee. On February 28, 2005, this Court granted a stipulation to an Award of Attorney
12 Fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, whereby Defendant agreed to pay
13 Plaintiff's counsel $5,000.00 as an attorney's fee. (docket # 33) Mr. Schiffman acknowledges
14 he "did receive a stipulated fee pursuant to the Equal Access to Justice Act (28 U.S.C. §2412)
15 of $5,000.00," and represents that "whichever approved fee is less will be returned to Plaintiff
16 consistent with the provisions of 42 U.S.C. §406(b)(1) and 28 U.S.C. §2412."[3] (docket # 42 at
17 2)

18 Plaintiff's counsel represents that the SSA failed to provide past-due benefits
19 information for quite some time, requiring Plaintiff's counsel to file a motion asking for an
20 order directing that this information be provided. The SSA subsequently provided the

---

[2] Parrish subsequently agreed to an amended fee agreement regarding the request for review to the Appeals Council and for the appeal to the District Court. Each agreement provided that if Parrish was found entitled to continuing disability benefits the fee would be 25% of all past due benefits payable to Parrish and his auxiliaries/dependents. A copy of each of the agreements is appended to the subject Petition as Exhibit 1.

[3] "When EAJA fees are paid and there is also an award of attorney fees under 406(b), a plaintiff's attorney must 'refun[d] to the claimant the amount of the smaller fee.' Act of Aug. 5, 1985, Pub. L. 99-80, section 3, 99 Stat. 186; *Gisbrecht*, 535 U.S. at 796. There is thus a dollar-for-dollar offset of any 406(b) fee by an EAJA award." (docket # 42 at 5)

- 3 -

1  information, which reflected that 25% of the past-due benefits payable to Plaintiff and his
2  auxiliaries totaled $37,254.340. (*Id*., Exh 2)  Thereafter, Plaintiff's counsel promptly
3  submitted a petition for fee authorization to the SSA. On January 15, 2008 (the decision is
4  incorrectly dated 2007), the SSA established the fee for the administrative time expended by
5  counsel at $21,500.00. Defendant has not challenged the accuracy of this information.

6  Plaintiff's counsel now seeks an award of attorney's fees equal to the amount
7  remaining after the Equal Access to Justice offset, i.e., $15,754.30 ($37,254.30 - $21,500.00).

8  In the pending motion, Plaintiff's counsel states that he spent 34.5 hours on
9  this case. (docket # 42 at 9; Exh. 3)  Counsel represents that he has practiced in the area of
10 Social Security Disability law since 1975. (*Id*. at 2)  He has practiced law in Arizona "for more
11 than 32 years, is a certified specialist in workers' compensation, thereby reflecting his extensive
12 understanding of medical-legal issues, and is AV rated by Martindale-Hubbell." (*Id*.)
13 Plaintiff's attorney has represented in excess of 2000 claimants at all levels before the Social
14 Security Administration and has litigated many claims before the United States District Court
15 and the Ninth Circuit Court of Appeals." (*Id*. at 11)  Counsel does not have an hourly rate for
16 Social Security cases because Social Security cases are only accepted on a contingency-fee
17 basis.  Plaintiff's counsel's usual hourly rate for handling non-contingent fee workers'
18 compensation matters is $250 per hour. A lawyers'-rate study, however, indicates that the
19 median hourly billing rate and ninth decile for an attorney with similar experience as Plaintiff's
20 counsel in the western region of the United States is $ 280.00 per hour and $422.00 per hour,
21 respectively. (*Id*., Exh. 4, Altman & Weil, *Small Firm Economic Survey* (2006) at 52).  Mr.
22 Schiffman has also conducted presentations in the area of Social Security Disability law before
23 groups such as the National Organization of Social Security Claimants' Representatives and
24 Arizona Trial Lawyers Association. (*Id*. at 2)

25 The requested 406(b) fee ($15,754.30) translates into an effective hourly rate
26 of $456.65 per hour; the total attorney's fees ($37,254.30), however, equate to an effective
27 hourly rate of $1079.83 per hour. Taking into account the EAJA offset, counsel seeks an
28

effective hourly rate of $934.91[4] ($37,254.30 - $5000.00 ÷ 34.5 hours = $934.91)  While these hourly rates appear excessive if taken in a vacuum, claimants' counsel encounter considerable risk of receiving nothing in a high percentage of these types of cases for their time and expertise by accepting Social Security disability clients on a contingency-fee basis.

As Plaintiff's counsel clearly demonstrates, civil actions for Social Security disability benefits have a significant risk of failure. The Social Security Administration keeps statistics for civil litigation for benefits. Those statistics are found in various places, including in the reports of the Congressionally created Social Security Advisory Board (SSAB), available at http:// www.ssab.gov/reports.html. (docket # 42 at 9)  In Fiscal Year 2000, federal courts found plaintiffs entitled to benefits in only 6% of Social Security Disability cases and remanded nearly one-half  (48%) of the cases for further proceedings. (*Id*., SSAB, Disability Decision Making: Data And Materials (Jan 2001), at 86, available at http://www.ssab.gov/chartbookB.pdf) On remand, about 40% of these claimants are denied benefits. *(Id*.)  Therefore, claimants who elect to go to district court ultimately prevail only 35% (6% + (48% x 60%)) of the time. *Id*.

## **APPLICABLE LAW AND ANALYSIS**

Title 42 U.S.C. § 406(b) provides that "[W]henever a court renders a judgement favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgement a reasonable fee for such representation, not to exceed 25 percent of the total of the past-due benefits to which claimant is entitled."  The attorney's fees are payable from funds withheld from a claimant's past-due disability benefits by the Social Security Administration for work performed by claimant's counsel before the district court. In *Gisbrecht v. Barnhart*, 535 U.S. 789, 795 (2002), the Supreme Court held that § 406(b) "does not displace contingent-fee agreements as the primary

---

[4] The calculation to determine effective hourly rate is the total fee requested divided by hours spent on the case. *Roark v. Barnhardt*, 221 F.Supp. 2d 1020 (W.D. Mo. 2002) (where fee requested was $6,576.00, but the court used $9,147.50, the total fee requested including EAJA awards already granted, to calculate effective hourly rate).

- 5 -

1 means by which fees are set for successfully representing Social Security benefits claimants in
2 court. Rather, § 406(b) calls for court review of such arrangements . . . to assure that they yield
3 reasonable results in particular cases." *Id.* at 807.  So long as the contingency fee does not
4 exceed 25% of the past-due benefits, "the attorney for the successful claimant must [merely]
5 show that the fee sought is reasonable for the services rendered." *Id.*

6       In determining whether fees sought under § 406(b) are reasonable, the court
7 considers the character of the attorney's representation and the results achieved. *Id.* at 808.  The
8 court may also consider whether Plaintiff's counsel is responsible for delay, so as to prevent the
9 attorney from profiting from accumulating benefits while the case is pending in court, or, the
10 Court may adjust attorney's fees when the "benefits are large in comparison to the amount of
11 time counsel spent on the case . . . ." *Id.*  In determining the reasonableness of attorney's fees,
12 the Court may also consider the number of hours spent representing the claimant and the
13 lawyer's normal hourly billing rate for non-contingent-fee cases. *Id.*

14       "Since *Gisbrecht* . . . the district courts have been deferential to the terms of
15 contingency fee contracts in § 406(b) cases, accepting that the resulting de facto hourly rates
16 may exceed those for non contingency-fee arrangements." *Hearn v. Barnhart*, 262 F.Supp. 2d
17 1033, 1037 (N.D. Cal. 2003).  Courts have approved attorney's fee awards under § 406(b) up
18 to an effective hourly rate of $1,433.00. *Yarnevic v. Apfel*, 359 F.Supp. 2d 1363, 1365 (N.D.
19 Ga. 2005) (discussing effective hourly rates in social security cases); *Grunseich v. Barnhart*,
20 439 F.Supp.2d 1032, 1035 (C.D. Cal. 2006) (approving attorney's fees of $600.00 per hour);
21 *contra*, *Hodges-Williams v. Barnhart*, 400 F.Supp.2d 1093, 1099 (D. Ill. 2005) (contingency
22 fee award which "would amount to an hourly rate of more than $1,000 per hour" is
23 unreasonable).

24       This Court finds counsel's requested attorney's fees in the total amount of
25 $37,254.30 for 34.5 hours of work, which calculates to an overall effective rate of $1079.83 per
26 hour, are reasonable in light of the legal standards set forth in *Gisbrecht* and the facts of this
27 case. When Mr. Schiffman accepted Plaintiff's case, he faced a substantial risk of failure. This
28 is reflected in the fact that the case had already been denied at the hearing level twice and once

1 at the Appeals Council level prior to the initiation of the civil action. Further indicia of risk was 2 that the Commissioner vigorously denied that Plaintiff was entitled to judicial relief. Plaintiff's 3 attorney prepared substantive memoranda, including a 28-page Memorandum in support of his 4 Motion for Summary Judgment and an 8-page Reply in support of his Motion/Response to the 5 Commissioner's Motion for Summary Judgment. In the Memorandum in support of the Motion 6 for Summary Judgment, Plaintiff's attorney raised three issues, each developed with extensive 7 legal and factual analysis.

8 There is no evidence in the record suggesting that Plaintiff's attorney's fees 9 should be reduced. Additionally, there is no evidence that Plaintiff's counsel unreasonably 10 contributed to any delay in an attempt to accrue a higher amount of past-due benefits.

11 Additionally, after the EAJA offset, the requested fee represents less than 25% 12 of Plaintiff's past-due benefit award, which is below the statutory maximum and is reasonable 13 in view of the nature of this case and counsel's representation. Counsel spent 34.5 hours on this 14 litigation. With the assistance of counsel, as a result of this litigation, Plaintiff was awarded not 15 only past-due benefits for himself and his dependents, but also ongoing benefits to himself and 16 his dependents if his disability continues. Thus, the value to Plaintiff of this successful litigation 17 greatly exceeds the amount of past-due benefits. With the dollar-for-dollar EAJA offset, 18 Plaintiff will actually pay a total fee of 21.64471% of the past due benefits. ($37,254.30 - 19 $5,000.00 = $32,254.30 ÷ 149,017.00). (docket # 42 at 11)  The fee for court time would be 20 10.57215% of past due benefits. (*Id*.)

## **CONCLUSION**

22 The contingent-fee agreement placed the risk of failure on counsel, afforded 23 Plaintiff the opportunity to have an experienced lawyer represent him, and Plaintiff faced a 24 substantial risk of recovering nothing. Moreover, Plaintiff's counsel has practiced law in 25 Arizona for more than 32 years, is a certified specialist in workers' compensation, and has 26 extensive knowledge and understanding of medical-legal issues. He is a recognized expert in 27 the area of Social Security Disability law, having conducted presentations before groups 28 such as the National Organization of Social Security Claimants' Representatives and

- 7 -

1 Arizona Trial Lawyers Association.  (*Id*. at 2)  Mindful of the cost-of-living increase (for
2 example, the price of gasoline is at an all-time record high in Arizona ($3.25 per gallon) and
3 a barrel of oil is also at a record high (over $100.00 per barrel)), and the significant length of
4 time Plaintiff's counsel has waited to be fairly paid for his successful work, the Court
5 concludes the requested attorney's fees are reasonable under *Gisbrecht*.  Nothing in the
6 record suggests that the Plaintiff's attorney's fees should be reduced.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Petition for Approval of Attorneys' Fees under 42 U.S.C. § 406(b), docket # 42, is **GRANTED** in the amount of $15,754.30 and shall be promptly paid out of the monies withheld by the Commissioner from Plaintiff's benefits.

**IT IS FURTHER ORDERED** that all monies, if any, remaining after payment of Plaintiff's attorney's fees in accordance with this Order that were withheld for payment of attorney's fees shall be promptly refunded directly to Plaintiff.

**IT IS FURTHER ORDERED** that attorney Alan M. Schiffman shall promptly reimburse Plaintiff the amount of $5,000.00 previously paid by the Government under the EAJA.

Dated this 8th day of April, 2008.

_____
Lawrence O. Anderson
United States Magistrate Judge